UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

CIVIL ACTION NO. 1:17-cv-12147

_____
                                            )
JANA BRANDS, INC.                           )
                                            )
        Plaintiff,                          )
                                            )
v.                                          )
                                            )
C.H. ROBINSON INTERNATIONAL, INC.           )
                                            )
and                                         )
                                            )
RYAN FREIGHT SERVICES, INC.                 )
                                            )
        Defendants.                         )
_____)

## COMPLAINT AND JURY DEMAND

For its Complaint, Plaintiff Jana Brands, Inc. states as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Jana Brands, Inc. ("Jana Brands") is a Delaware corporation with its principal office located in Framingham, MA.

2. Defendant C.H. Robinson International, Inc. ("C.H. Robinson") is a Minnesota corporation with its principal office located in Eden Prairie, MN.

3. Defendant Ryan Freight Services, Inc. ("Ryan") is a Texas corporation with its principal office located in Grapevine, TX.

4. Jurisdiction is based on 28 U.S.C. § 1332 as there is diversity of citizenship between the parties and the amount in controversy exceeds the sum of seventy-five-thousand dollars ($75,000.00).

5. These claims arise out of Defendants' transacting business in the Commonwealth of Massachusetts; contracting to provide services to and in the Commonwealth; soliciting business, engaging in a persistent course of commercial conduct and deriving substantial revenue from the provision of services to persons in the Commonwealth; and causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth as it regularly does or solicits business, or engages in other persistent course of conduct or derives substantial revenue from goods used or consumed or services rendered to and in this Commonwealth.

6. Upon information and belief, C.H. Robinson and Ryan have conducted regular and sustained business with persons in Massachusetts, as was the case in this action.

## FACTUAL BACKGROUND

7. Jana Brands is an importer of tuna in pouches from Thailand and other countries.

8. Jana Brands retained both C.H. Robinson and Ryan to provide U.S. customs brokerage services and advice and counseling with respect to all U.S. customs laws, rules, regulations, customs and practices applicable to Jana Brands' import and export activities.

9. As part of providing such services to Jana Brands, in September 2015, C.H. Robinson and Ryan jointly undertook to complete the necessary steps to file unused merchandise drawback claims DL7-0000286-8 and DL7-000090-0 (the "Drawback Claims") on behalf of Jana Brands with U.S. Customs and Border Protection ("CBP") pursuant to 19 U.S.C. § 1313(j)(1) and related federal regulations.

10. The purpose of the Drawback Claims was to obtain a refund for Jana Brands of previously paid customs duties, taxes and fees to which Jana Brands was entitled after certain of Jana Brands' shipments of tuna were barred from entry into the United States by the U.S. Food and Drug Administration and designated for export back to Thailand.

11. The shipments that were the subject of the Drawback Claims were examined by CBP in the Port of Chicago and were designated by Jana Brands to be exported back to Thailand from the Port of Los Angeles.

12. Pursuant to 19 C.F.R. § 191.35(d), if merchandise will be exported from a port other than the port in which it was examined, the merchandise must be transported in-bond to its port of exportation. As C.H. Robinson and Ryan were well aware, submission to CBP of Form 7512 was required by CBP to effect transportation of the merchandise in-bond pursuant to 19 C.F.R. § 191.35(d).

13. Jana Brands was relying upon the expertise and experience of both C.H. Robinson and Ryan to follow all applicable CBP rules, regulations, customs and practices in taking the necessary steps to properly and successfully submit the Drawback Claims and complying with all requirements for the in-bond transportation of the tuna shipments to the Port of Los Angeles so that Jana Brands would receive its refund of customs duties, taxes and fees to which it was entitled.

14. Both C.H. Robinson and Ryan failed to properly follow CBP's rules, regulations, customs and practices by failing to ensure that the required CBP Form 7512s were electronically submitted for in-bond transportation of the shipments.

15. C.H. Robinson and Ryan further failed to otherwise secure proof that the Form 7512s had been properly submitted to CBP such as by obtaining a signature on the Form 7512s by a CBP officer.

16. Due to the failure by both C.H. Robinson and Ryan to either: (1) ensure that the Form 7512s were electronically submitted, or (2) otherwise obtain proof of submission of the

Forms 7512s, CBP determined that the required Form 7512s had not been submitted, and therefore CBP denied the Drawback Claims in their entirety.

17. Such denial caused Jana Brands to incur damages in excess of $154,260.47.

18. Both C.H. Robinson and Ryan represent and hold themselves out as experts in the field of U.S. customs laws, rules, regulations, customs and practices. Jana Brands was relying upon such representations of expertise in hiring C.H. Robinson and Ryan to act on its behalf and protect its interests with respect to meeting CBP's requirements.

19. Jana Brands justifiably expected that C.H. Robinson and Ryan would stand behind their work, but even in the face of undisputed evidence that submission of the required CBP Form 7512s was not done properly in this instance, both C.H. Robinson and Ryan have failed and refused to make good on their representations and compensate Jana Brands for the losses it suffered at the hands of both C.H. Robinson and Ryan due to their blatant and undisputed error.

## COUNT I
## BREACH OF CONTRACT
### (Against C.H. Robinson)

20. Jana Brands incorporates herein by reference all of the preceding paragraphs of this complaint.

21. Jana Brands and C.H. Robinson entered into a contract by which C.H. Robinson was to provide U.S. customs brokerage services and advice and counseling with respect to all U.S. customs laws, rules, regulations, customs and practices applicable to Jana Brands' import and export activities, including by jointly undertaking with Ryan to complete the necessary steps to properly and successfully file the Drawback Claims and meet the CBP's requirements for in-bond transportation of shipments.

22. Jana Brands agreed to pay for such services and did pay for same.

23. Jana Brands fully performed under the parties' contract but C.H. Robinson failed to perform under the contract by providing insufficient services as described herein.

24. As a direct and proximate result of such breach Jana Brands sustained significant damages in excess of $154,260.47.

## COUNT II
## BREACH OF CONTRACT
### (Against Ryan)

25. Jana Brands incorporates herein by reference all of the preceding paragraphs of this complaint.

26. Jana Brands and Ryan entered into a contract by which Ryan was to provide U.S. customs brokerage services and advice and counseling with respect to all U.S. customs laws, rules, regulations, customs and practices applicable to Jana Brands' import and export activities, including by jointly undertaking with C.H. Robinson to complete the necessary steps to properly and successfully file the Drawback Claims and meet the CBP's requirements for in-bond transportation of shipments.

27. Jana Brands agreed to pay for such services and did pay for same.

28. Jana Brands fully performed under the parties' contract but Ryan failed to perform under the contract by providing insufficient services as described herein.

29. As a direct and proximate result of such breach Jana Brands sustained significant damages in excess of $154,260.47.

## COUNT III
## NEGLIGENCE
### (Against C.H. Robinson and Ryan)

30.     Jana Brands incorporates herein by reference all of the preceding paragraphs of this complaint.

31.     Both C.H. Robinson and Ryan owed Jana Brands a duty to use due and reasonable care in providing the above-described services to Jana Brands.

32.     Both C.H. Robinson and Ryan breached their duty of reasonable care in the provision of such services to Jana Brands as described herein.

33.      As a direct and proximate result of such breach Jana Brands sustained significant damages in excess of $154,260.47.

## COUNT IV
## UNFAIR AND DECEPTIVE BUSINESS PRACTICE IN VIOLATION OF § 93A
### (Against C.H. Robinson and Ryan)

34.     Jana Brands incorporates herein by reference all of the preceding paragraphs of this complaint.

35.     At all relevant times C.H. Robinson and Ryan were engaged in trade and/or commerce within the meaning of M.G.L. c.93A, Sections 2 and 11.

36.     The above-referenced acts and practices engaged in by C.H. Robinson and Ryan constitute unfair and deceptive business acts and practices within the meaning of M.G.L. c.93A, Sections 2 and 11.

37.     The unfair and deceptive acts and practices of C.H. Robinson and Ryan have been and continue to be willful and knowing violations of M.G.L. c.93A, Sections 2 and 11.

38.     As a result of Defendants' use or employment of unfair and deceptive acts and practices, Jana Brands has suffered and continues to suffer the loss of money and/or property in excess of $154,260.47.

## REQUESTED RELIEF

**WHEREFORE**, Jana Brands respectfully requests that the Court enter judgment awarding Jana Brands money damages in excess of $154,260.47 as proven at trial under each of the Counts stated herein, including double or treble damages and attorneys' fees under Chapter 93A, plus interest and costs, and grant any further relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated:  November 2, 2017                    Respectfully submitted,

                                                                            JANA BRANDS, INC.
                                                                            By its counsel:

**/s/   Andrew C. Gately**
Andrew C. Gately, Esq.
BBO# 645606
316 Franklin Street
Newton, MA 02458
(617) 308-7785
agately@gately-law.com

-- and --

TAMKIN & HOCHBERG, LLP
Peter S. Farrell, Esq.
BBO# 656512
313 Washington Street #202
Newton, MA 02458
(617) 964-2501
pfarrell@tamkinhochberg.com

**ATTORNEYS FOR JANA BRANDS, INC.**